UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VAN THUY VONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 12 C 2289 |
| | ) |
| TRUE RELIGION SALES LLC, d/b/a | ) |
| TRUE RELIGION BRAND JEANS; | ) |
| VILLAGE OF NORTHBROOK; and | ) |
| JONATHON SALMI, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

Now before the Court are Defendants True Religion Sales LLC's ("True Religion"), Village of Northbrook's ("Northbrook"), and Jonathon Salmi's ("Salmi") (together "Defendants") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' motion is granted.

## **BACKGROUND**

Plaintiff Van Thuy Vong ("Vong") is a resident of Cook County, Illinois. True Religion, a Delaware concern, maintains a retail clothing store ("Store") at Northbrook Court, a shopping mall in Northbrook, Illinois. Salmi is a Northbrook police officer.

Vong visited the Store with her husband and nine-year-old daughter on the afternoon of December 11, 2011. Store employee Cassandra Melick ("Melick") brought

Vong four pairs of jeans to try on. Vong tried the jeans on in a fitting room, but did not purchase any of them. Vong then left the Store and Northbrook Court with her husband and daughter.

Later that day, Melick found a sensor in one of the fitting rooms. The sensor had been removed from a pair of jeans that were missing. She notified mall security and the Northbrook Police Department that a pair of jeans had been stolen. Salmi arrived on the scene and wrote up a police report documenting the matter. Salmi was told that Vong had taken the jeans, and was shown portions of a video recording from a camera in the Store. Salmi asked that a copy of the recording be prepared for him, but he never followed up on his request, and the recording was eventually destroyed.

Salmi called Vong's phone number, which the Store had on file. Salmi informed Vong that a pair of jeans was missing from the Store and asked Vong to return to the Store. Vong denied any wrongdoing, and asked Salmi to look at the video recording. Vong at first refused to comply with Salmi's request that she immediately return to the Store, but changed her mind after Salmi threatened to arrest her if she refused to cooperate.

Vong returned to the Store. She was accompanied by her husband, daughter, a friend and the friend's boyfriend, who helped interpret Salmi's words into Vong's arterial language. Vong spoke with Salmi and again denied taking the jeans. Salmi told Vong that True Religion would not prosecute her if she gave the jeans back. After

Vong explained that she did not have the jeans, she was charged with retail theft. Melick signed the charging document. Salmi handcuffed Vong and walked her to the mall security office. There, her picture and personal information were entered into the mall shoplifter database. Salmi then escorted Vong to the Northbrook Police Station, where she was detained for three hours. Upon her release, Vong was given a notice forbidding her from returning to Northbrook Court for one year, and a summons to appear in court on January 19, 2012.

Vong hired an attorney to represent her in the criminal proceeding. The attorney served subpoenas on the Northbrook Police Department for records related to the criminal case and on True Religion for the video surveillance tapes and copies of all reports pertaining to the incident.

Vong appeared for her January 19th court date, but no one representing any of the Defendants was present. The case against Vong was dismissed by non-suit at the prosecutor's direction, and the case has not been reinstated.

Vong filed the instant five-count first amended complaint ("complaint"). She alleges claims against all the Defendants for false arrest (Count I) and malicious prosecution (Count II); Salmi and True Religion under 42 U.S.C. § 1983 ("Section 1983") (Count IV) for false arrest and malicious prosecution; True Religion for intentional infliction of emotional distress (Count III); and Northbrook for indemnification (Count V).

The complaint does not state the basis of the Court's jurisdiction, as Federal Rule of Civil Procedure 8(a)(1) requires. Inasmuch as Vong alleges a federal law claim and state common law claims based on the same underlying conduct, it is apparent that Vong seeks to invoke federal question and supplemental jurisdiction under 28 U.S.C. §§ 1331 and 1367, respectively. The Defendants now move to dismiss Counts I-IV under Rule 12(b)(6).

## LEGAL STANDARD

In assessing a motion to dismiss, the Court accepts all well pled facts as true and draws all permissible inferences in the plaintiff's favor. *Agnew v. NCAA*, 683 F.3d 328, 334 (7th Cir. 2012). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations; she must only provide enough factual support to raise her right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a claim must be facially plausible, a requirement that is satisfied if the pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

**I.     Section 1983 False Arrest and Malicious Prosecution Claims**

Vong asserts that Salmi and True Religion are liable under Section 1983 for false arrest and malicious prosecution. Salmi argues that the claims against it should be dismissed because the complaint sufficiently demonstrates that Vong's arrest was supported by probable cause. True Religion contends that Vong's Section 1983 claims do not state a claim because she does not sufficiently allege that it acted under "color of state law."

**A.     Salmi's Motion to Dismiss**

The presence of probable cause to arrest a suspect is an absolute bar to Section 1983 claims for false arrest and malicious prosecution. *Terket v. Lund*, 623 F.2d 29, 31 (1980). A police officer has probable cause to make an arrest when reasonable and trustworthy information known to him would lead a prudent person to believe that the suspect had committed a crime. *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994) (quotation omitted). Probable cause is a "commonsense determination, measured under a reasonableness standard," *Tangwall v. Stuckey*, 135 F.3d 510, 519 (7th Cir. 1998), and "requires only that a probability or a substantial chance of criminal activity exist." *Purvis v. Oest*, 614 F.3d 713, 722-23 (7th Cir. 2010). Although determining whether probable cause exists is usually a question of fact, that determination may be made as a matter of law where the facts are undisputed. *Penn v. Harris*, 296 F.3d 573, 577 (7th Cir. 2002).

According to the complaint, Melick told Salmi that Vong visited the Store and tried on four pairs of jeans in a fitting room. Melick went on to tell Salmi that she discovered that a pair of jeans was missing, and that she believed that Vong had taken the jeans. The complaint contains no allegations suggesting that Melick was lying or that she otherwise appeared untrustworthy or incredible. Further, although the complaint alleges that Salmi relied on other evidence to conclude that probable cause for Vong's arrest existed – such as the video recording and Salmi's conversations with Vong – the complaint fails to suggest that any of this evidence sufficiently extinguished the probable cause created by Melick's statements. *See Gramenos v. Jewel Cos.*, 797 F.2d 432, 439 (7th Cir. 1986) (holding that allegations from a credible eyewitness or victim that a crime has been committed is sufficient to establish probable cause). In the absence of any allegations that Salmi was aware of facts that sufficiently erased Salmi's suspicion of Vong's guilt, it was reasonable for him to conclude that Vong had taken the jeans, in violation of municipal and Illinois theft statutes. *See* 720 ILCS 5/16-1(a)(1)(A) (a person commits theft when she knowingly obtains or exerts unauthorized control over property of the owner and intends to deprive the owner permanently of the use or benefit of the property).

Notwithstanding the absence of allegations dispelling the presence of probable cause, Vong argues that she is entitled to an inference that probable cause for her arrest

was lacking. Making such an inference in the face of affirmative allegations to the contrary would require the Court to ignore the substantial portion of the complaint devoted to establishing Salmi's probable cause, which the Court declines to do. *See Quranic Literacy Institute v. Boim*, 291 F.3d 1000, 1008 (7th Cir. 2002) (assessing a motion to dismiss requires the court to "examine the complaint as a whole."). Vong also asserts that her Section 1983 claims should survive because she is innocent of the criminal charge against her. However, a suspect's denial of wrongdoing, without more, does not require a finding that an officer lacked probable cause to make an arrest. *See Askew v. City of Chi.*, 440 F.3d 894, 895 (7th Cir. 2006). Further, probable cause does not require that a police officer's belief in the suspect's guilt is correct, only that it is reasonable. *See Mahone v. Kesery*, 976 F.2d 1054, 1057-58 (7th Cir. 1992). Given the information available to Salmi at the time that he arrested Vong, the Court finds that his belief was reasonable.

Because the complaint contains allegations that completely bar her Section 1983 claims for false arrest and malicious prosecution, Salmi's motion to dismiss the claims is granted.

**B. True Religion**

The presence of probable cause for Vong's arrest forecloses any possibility of Section 1983 liability on True Religion, a non-governmental entity. *See Reynolds v.*

*Jamison*, 488 F.3d 756, 764 n.4 (7th Cir. 2007). In any event, Vong does not state a claim against True Religion because she fails to sufficiently allege that True Religion was acting under color of law.

Section 1983 provides a remedy to individuals who have been deprived of a constitutional right by persons acting under color of state law. 42 U.S.C. § 1983; *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923 (1982). Section 1983 liability requires an infringement of federal rights attributable to the State. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823 (7th Cir. 2009) (quotation omitted). For Section 1983 liability to attach to a private party, the plaintiff must establish that a state official and private party "somehow reached an understanding to deny the plaintiffs their constitutional rights." *Tabet v. Mill Run Tours, Inc.*, Case No. 10-CV-4660, 2011 U.S. Dist. LEXIS 32887, at *11 (N.D. Ill. Mar. 28, 2011) (*citing Loubser v. Thacker*, 440 F.3d 439, 445 (7th Cir. 2006)). Accordingly, a private party may be liable under Section 1983 if an agent of the state (1) directs or controls the actions of the private party such the state can be held responsible for the private party's decision, or (2) delegates a public function to a private party or entity. *Payton v. Rush-Presbyterian St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999).

Here, Vong alleges that True Religion called the Northbrook police, gave a statement to Salmi, and that Melick signed the charging document. These allegations alone fall far short of establishing any type of agreement or understanding between

Salmi and True Religion to deprive Vong of her federal rights. *See Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985) (holding that providing information to a police officer, even if the information is false, is not sufficient to state a Section 1983 claim against a private individual). Vong's Section 1983 claims against True Religion are therefore dismissed.

**II.     State Common Law Claims**

With Vong's Section 1983 claims dismissed, the Court declines to exercise supplemental jurisdiction over her remaining state common law claims. 28 U.S.C. § 1367(c); *Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010). Vong's common law claims are therefore dismissed.

### CONCLUSION

For the foregoing reasons, Vong's Section 1983 claims are dismissed for failure to state a claim, and her common law claims are dismissed for lack of subject-matter jurisdiction.

_____
Charles P. Kocoras
United States District Judge

Dated:     December 12, 2012