UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VAN THUY VONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 12 C 2289 |
| ) | |
| TRUE RELIGION SALES, LLC., ) | |
| VILLAGE OF NORTHBROOK, and ) | |
| JONATHON SALMI, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Plaintiff Van Thuy Vong's ("Vong") motion to file a proposed second amended complaint ("SAC"). For the following reasons, Vong's motion is denied.

## BACKGROUND

Vong filed a five-count first amended complaint ("FAC") on August 17, 2012 against Defendants True Religion Sales, LLC ("True Religion"), a clothing retailer; the Village of Northbrook ("Village"); and Jonathan Salmi ("Salmi"), a Village police officer (collectively "Defendants"). Vong sued for false arrest (Count I) and malicious prosecution (Count II) against all Defendants, intentional infliction of emotional distress (Count III) against True Religion only, constitutional violations under 42 U.S.C. § 1983

("Section 1983") ("Count IV") against all Defendants save the Village, and indemnification ("Count V") against the Village only. Vong's claims arose from her visit to the True Religion retail store located in the Village and her subsequent arrest for theft. On December 12, 2012, the Court granted Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) because the allegations in the FAC gave rise to probable cause for Vong's underlying arrest. *See Vong v. True Religion Sales, LLC*, 12 C 2289, 2012 U.S. Dist. LEXIS 175803, at *6-11 (N.D. Ill. Dec. 12, 2012).

On January 2, 2013, Vong filed a Rule 59(e) motion seeking to amend or alter our dismissal and contemporaneously sought leave to file a five-count SAC pursuant to Rule 15(a). The counts in the SAC are identical to those in the FAC, except that the Section 1983 claim is alleged against Salmi only. The Defendants oppose Vong's motion, arguing that the additional allegations in the SAC still do not state a claim on which relief may be granted.

**LEGAL STANDARD**

Under Rule 59(e), a district court may entertain a "motion to alter or amend a judgment" if it is filed within 28 days after the entry of judgment. Rule 15 sets forth the guidelines concerning amended pleadings. A party may amend its complaint once as a matter of course but must obtain the opposing party's written consent or the court's

leave to do so a second time. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may deny leave "for undue delay, bad faith, dilatory motive, prejudice, or futility." *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) (citing *Foman*, 371 U.S. at 182). Leave to file an amended complaint is futile if it would fail to state a claim upon which relief could be granted, the same standard employed when assessing a motion to dismiss under Rule 12(b)(6). *GE Capital*, 128 F.3d at 1085.

The Court accepts all well pled facts as true and draws all permissible inferences in the plaintiff's favor when assessing a motion to dismiss. *Agnew v. NCAA*, 683 F.3d 328, 334 (7th Cir. 2012). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations; she must only provide enough factual support to raise her right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a claim must be facially plausible, a requirement that is satisfied if the pleadings "allow[] the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

We dismissed the FAC because the presence of probable cause for Vong's arrest defeated her Section 1983 claims for false arrest and malicious prosecution. *See Terket v. Lund*, 623 F.2d 29, 31 (1980). Vong alleged in the FAC that a True Religion store clerk, Cassandra Melick ("Melick"), implicated her for taking a pair of jeans, and that Salmi was entitled to a reasonable belief of Vong's guilt based on the clerk's accusation. Further, we found that none of the additional allegations in the FAC negated Salmi's reasonable belief. *See Vong*, 2012 U.S. Dist. LEXIS 175803, at *7-8 ("In the absence of any allegations that Salmi was aware of facts that sufficiently erased Salmi's suspicion of Vong's guilt, it was reasonable for him to conclude that Vong had taken the jeans, in violation of municipal and Illinois theft statutes.").

The SAC alleges that "[u]pon Salmi's arrival [to the store], Melick told him that a pair of jeans was missing and that Mrs. Vong was the one who stole them." However, Vong makes several new claims intended to nudge Salmi's reasonable belief into the realm of the unreasonable. Vong claims that Salmi knew that no True Religion employee confronted Vong for taking a pair of jeans. After Melick discovered that a pair of jeans was missing, she found an ink sensor in the dressing room that Vong had

previously used. An ink sensor is designed to release ink once someone attempts to remove it from the article of clothing to which it is attached. Melick found the sensor undamaged and intact, and Salmi was aware of the ink sensor's unfettered condition. Further, Melick never told Salmi that no other patrons had used the dressing room subsequent to Vong's visit to the store. Vong argues that these factors, in conjunction with her voluntarily signing a marketing postcard with her contact information prior to her leaving the True Religion store and Salmi viewing a portion of a video tape that did not show that Vong had taken the jeans negated Salmi's reasonable belief of her guilt.

> We disagree. As we recounted when we dismissed the FAC,
>
> > A police officer has probable cause to make an arrest when reasonable and trustworthy information known to him would lead a prudent person to believe that the suspect had committed a crime. *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994). Probable cause is a "commonsense determination, measured under a reasonableness standard," *Tangwall v. Stuckey*, 135 F.3d 510, 519 (7th Cir. 1998), and "requires only that a probability or a substantial chance of criminal activity exist." *Purvis v. Oest*, 614 F.3d 713, 722-23 (7th Cir. 2010).

Furthermore, allegations from a credible eyewitness or victim that a crime was committed sufficiently establishes probable cause. *Matthews v. City of East St. Louis*, 675 F.3d 703, 706-07 (7th Cir. 2012); *Gramenos v. Jewel Cos.*, 797 F.2d 432, 439 (7th Cir. 1986).

Vong alleges in the SAC that Melick told Salmi that Vong took the jeans. Even if Melick did not actually observe Vong taking the jeans, as Vong alleges, Melick had

direct knowledge of the missing jeans and of the fact that Vong used the dressing room where the unattached sensor was found. Based on this information, a reasonable police officer in Salmi's position would have no reason to doubt Melick's credibility. Reading the additional allegations in the SAC in a light most favorable to Vong does not negate the validity of Salmi's determination of her guilt made on the scene. Police officers are entitled to conclude that a suspect is guilty of a crime based on a "commonsense determination." *Tangwall*, 135 F.3d at 519. In light of Melick's direct and unequivocal accusation that Vong took the jeans, we decline Vong's invitation to parse through various circumstances which do not conclusively negate Salmi's reasonable belief in Vong's guilt.

Vong moreover seems to suggest that Salmi was under a duty to investigate Melick's credibility, and his failure to do so exposes him to Section 1983 liability. However, "once probable cause has been established, officials have no constitutional obligation to conduct further investigation in the hopes of uncovering potentially exculpatory evidence." *Matthews*, 675 F.3d at 707 (quoting *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 2000)). Melick's accusation established Salmi's determination of probable cause, which supplied enough evidence to justify Vong's arrest. Salmi was under no further duty to investigate Melick's credibility.

Because filing another amended complaint would be futile, we deny Vong's motion to alter or amend judgment. We dismiss the remainder of the SAC as we decline to exercise supplementary jurisdiction over the remaining state law claims. *See* 28 U.S.C. 1367(c)(3).

## CONCLUSION

For the foregoing reasons, the motion to alter or amend judgment is denied in full.

_____
Charles P. Kocoras
United States District Judge

Dated:     March 20, 2013